Curia, per
O’Neall, J.
This case turns upon the legal effect of the deed under which the plaintiffs claim! if that be a conveyance to the plain-, tiffs, and the use be not executed, then this verdict cannot stand.
It is contended, first, that the conveyance is a direct conveyance to the wife of the grantor for her life: if this be true, there can be no doubt that at law it is void ; for in such a case it is nothing more than a grant from the husband to himself. But in equity a deed from the husband tp his wife would be supported as an agreement to hold to the separate use of the wife, and the husband would thus be made her trustee. To test, the objection made to the operation of the deed, it is necessary to look at it in all its parts, and to give it such a construction, that it may not conflict with the law, if that be possible. There is no form of words necessary to give effect to a deed conveying personal property in 'trust for the use of another.- Like most other instruments, the intention, when plain, is to have effect. The deed conveys, in the first place, the property to the wife for life, and after her death to the grantor’s children. If it had stopped here, it is plain that the husband’s title would have remained undivested ; but in another part of the deed, he says, “ and for the faithful execution of this deed, and the property therein given, as therein described, I do hereby appoint my loving sons, Levi and William Youmans. of the district aforesaid, trustees for my wife and rematm^^m^^^and for {he full and sure conveyance of said slave negroe^S^ct^mtmk^ Ik be for them and their use, I do hereby deliver the said slmeg^roes, andij^fme/priyperty herein mentioned, into the possession of mykme, Mqryff^míoMsffyrul my sons, Levi and William Youmans.” This pM|rp!j0hi uikechnjiíl], jiáper must be construed with what has gone before. Ipne sor^^^pTandf Willi am, arq appointed trustees for the wife and reimini^^childrenf^Their appointment was for the purpose of giving legal deed — for in the words of the deed, they were appointed for its “ faithful execution.” It would have had no legal effect if trustees could not take a present interest in the property. In this connection the deed may be regarded as conveying the property to them in trust for the use of the wife and children. The subsequent words, “ for the full and sure conveyance of said slave negroes, abovenamed, to be for them and their use, T do hereby deliver the said negroes, and all property herein mentioned, into the possession of *222 my wife, Mary Youmans, and my sons, Levi and William Youmans,” places the matter beyond doubt. For a trust in personal property is a mere bailment, it is a delivery to one for the use of another. Jones v. Cole, 2 Bailey, 330. This being so, the delivery to the wife and trustees, was a good conveyance of the legal estate of the grantor to them, to hold to the respective uses contained in the deed. 'The trustees took the legal estate by their possession, and the wife the equitable by her’s. The previous parts of the deed are to be regarded as the mere declaration of the uses to which the estate was to be held.
Bailey, for the motion. DeTreville, contra.
But it is said, if this be so the use was executed for-the life of the wife, by the delivery to her, arid that therefore the husband’s martial rights attached, and the property was revested in him. This, however, is a mistaken view. A conveyance of land to trustees, for the use of the wife, is not executed by the statute of uses. For it is necessary, to give effect to the trust, that it should not be executed. It is the preservation of the rights of the wife against those of the husband. This is more especially the case, when the husband conveys to trustees for the use of his wife. To permit the use to be executed would defeat the deed. In personal estate generally, the right of the property is in the trustee : he may divest himself of it by an unconditional delivery to his cestuique trust. But where the cestuique trust is a married woman, her possession does not divest the legal estate of the trustee. She is regarded as holding under him and by his permission.
According to these views, the plaintiffs, having the legal estate, could recover against a stranger, who disturbed the possession of their cestuique prust.
The motion fot a new trial is therefore granted.
Gantt, Richardson, Evans, and Butler, JJ. concurred.